92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MILLERTON NEW TOWN DEVELOPMENT COMPANY, Appellant,
v.
Steven D. DIEBERT, Trustee; First American Title Insurance
Company, Appellees.
 No. 95-15061.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1996.
Submission Deferred Feb. 27, 1996.
Resubmitted May 3, 1996.
Decided July 22, 1996.
 
 1
 Before: SNEED, PREGERSON, and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Millerton New Town Development Company (MNTDC) appeals an order of the district court reversing a bankruptcy court's order approving a compromise of claims between MNTDC and Steven Diebert, the trustee in the then-Chapter 11 bankruptcy of debtor Kristine Ballantyne Ewell. Because the parties are familiar with the factual background and procedural history of this appeal, we will not restate them here.
 
 
 4
 After the district court issued its order reversing the bankruptcy court on August 30, 1994, it denied MNTDC's motions to stay the judgment pending appeal and to enjoin the trustee from foreclosing on the Millerton property during appeal. In October 1994, the trustee began foreclosure proceedings on MNTDC's note on the Millerton property. In January 1995, a motions panel of this court denied MNTDC's application for a stay or an injunction against foreclosure. At a foreclosure sale on February 22, 1995, no bidders appeared and the trustee reacquired the property by a credit bid of approximately $1.8 million, the principal amount due under the note.
 
 
 5
 The trustee has moved to dismiss the appeal as moot because of his acquisition of the property from MNTDC in foreclosure. He argues that this is a change of circumstances which would prevent this court from granting any effective relief, thus rendering the case moot. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir.1985) (bankruptcy appeal dismissed as moot when "changes in the status quo occurred after the district court" decision and "make it impossible for us to fashion a remedy"). MNTDC argues that the case is not moot since the property has been acquired by--and is apparently still owned by--the trustee, who is a party to this appeal and will be bound by any decision of the court. See NL Industries v. Secretary of the Interior, 777 F.2d 433, 436 (9th Cir.1985) ("We are not dealing with third party bona fide purchasers for value.... Our case is unlike the situation ... in which the disputed properties were no longer within the court's jurisdiction, leaving us 'powerless to do anything more than simply point out the circumstances of the district court's ruling.' ") (quoting In re Combined Metals Reduction Co., 557 F.2d 179, 192 (9th Cir.1977)).
 
 
 6
 The fact that the property is again in the hands of the trustee does not preserve the dispute at the heart of this appeal, even though the trustee is a party to the appeal. Although the property is at the center of these bankruptcy proceedings as a whole, the issue on appeal here is not the bankruptcy, but only the bankruptcy court's order approving the proposed compromise of claims. That order has never been implemented, because the district court stayed the order pending appeal and then reversed the bankruptcy court. Even if this court were to reverse the district court and reinstate the order, the Restructure and Repayment Agreement could not be performed as agreed by the parties and approved by the bankruptcy court. In paragraph 5 of the Agreement, the trustee agreed to rescind foreclosure proceedings against MNTDC. This he obviously cannot do, since he has already completed those proceedings and reacquired the property. Other promises in the Agreement also are not capable of performance. Paragraph 6 provides for a detailed restructuring of the note secured by the Millerton property, but this is the note on which the trustee has foreclosed. The Agreement calls for the trustee to "set aside" nearly $500,000 in accrued-but-unpaid interest owing from MNTDC on the original note; that amount would then immediately become due in full if MNTDC defaulted on its restructured obligations. However, MNTDC has represented to this court that its obligation on that accrued-but-unpaid interest was "wiped out" by the foreclosure pursuant to California's "one form of action" and antideficiency statutes, Cal.Civ.Pro. §§ 580d, 726, and the trustee has conceded that it "cannot affirmatively require Appellant to pay the interest due upon the note". Thus, whatever security was offered to the trustee by the "set aside" of the accrued-but-unpaid interest would no longer be available. While the parties might be able to negotiate a revised agreement that would put them in essentially the same positions that they would have been in if the proposed Agreement had been implemented, this court could not achieve that goal simply by reversing the district court.
 
 
 7
 Therefore, the appeal is dismissed as moot.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3